**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
District of Delaware
(State)

Case number *(If known)*: _____ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Casa Systems Securities Corporation** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 7 – 4 3 8 1 1 5 1 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **100**      **Old River Road** | |
| Number      Street | Number      Street |
| | |
| | P.O. Box |
| **Andover**      **MA**      **01810** | |
| City      State      ZIP Code | City      State      ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| **Essex** | |
| County | Number      Street |
| | |
| | City      State      ZIP Code |

5. **Debtor's website** (URL)     **https://www.casa-systems.com**

Debtor    **Casa Systems Securities Corporation**    Case number *(if known)*_____
Name

| | |
|---|---|
| **6. Type of debtor** | ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

| | |
|---|---|
| **7. Describe debtor's business** | A. *Check one:*<br><br>☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))<br>☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))<br>☐ Railroad (as defined in 11 U.S.C. § 101(44))<br>☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))<br>☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))<br>☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))<br>☑ None of the above<br><br>B. *Check all that apply:*<br><br>☐ Tax-exempt entity (as described in 26 U.S.C. § 501)<br>☐ Investment company, including hedge fund or pooled investment vehicle (defined in 15 U.S.C. § 80a-3)<br>☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))<br><br>C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .<br><br>3 3 4 2<br>__ __ __ __ |

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:*<br><br>☐ Chapter 7<br>☐ Chapter 9<br>☑ Chapter 11. *Check **all** that apply:*<br><br>☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☑ A plan is being filed with this petition.<br><br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br>☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br>☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>☐ Chapter 12 |

Debtor  **Casa Systems Securities Corporation**
  Name                                                                    Case number (if known)_____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY

          District _____  When _____  Case number _____
                                        MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☑ Yes.  Debtor S e e   S c h e d u l e   1 _____  Relationship _____

District _____  When _____
                                                      MM  /  DD  / YYYY

Case number, if known  _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
  What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                          Number      Street

_____
City                          State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**Statistical and administrative information**

---

Debtor    **Casa Systems Securities Corporation**                              Case number (if known)_____
          Name

| | | | |
|---|---|---|---|
| **13.** **Debtor's estimation of available funds** | *Check one:* | | |

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14.** **Estimated number of creditors**
(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15.** **Estimated assets**
(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16.** **Estimated liabilities**
(on a consolidated basis with all affiliated debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

███ **Request for Relief, Declaration, and Signatures**

**WARNING** --   Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17.** **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  0 4 / 0 3 / 2 0 2 4
              MM / DD / YYYY

✖ *Edward Durkin*                                    **Edward Durkin**
Signature of authorized representative of debtor        Printed name

Title **President and Treasurer**

| Debtor | **Casa Systems Securities Corporation** | Case number *(if known)*_____ |
|---|---|---|
| | Name | |

**18. Signature of attorney**  ✖  __/s/ Joseph Barry_____  Date  __04/03/2024__

Signature of attorney for debtor                                                             MM/DD/YYYY

__Joseph Barry_____

Printed name

__Young Conaway Stargatt & Taylor, LLP_____

Firm name

__Rodney Square, 1000 North King Street_____

Number                              Street

__Wilmington_____    __DE___    __19801_____

City                                                              State         ZIP Code

__(302) 571-6600_____    __jbarry@ycst.com_____

Contact phone                                                  Email address

__4221_____    __DE_____

Bar number                              State

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____District of  Delaware_____
(State)

Case number (*If known*): _____ Chapter <u>11</u>

☐ Check if this is an
amended filing

## <u>Schedule 1</u>

**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Casa Systems, Inc.

Casa Systems, Inc.
Casa Systems Securities Corporation
Casa Properties LLC

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CASA SYSTEMS SECURITIES CORPORATION, | Case No. 24-_____ (___) |
| Debtor. | |

## LIST OF REGISTERED EQUITY SECURITY HOLDERS

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following is a list of holders of equity securities of the above-captioned debtor.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Casa Systems, Inc. | 100 Old River Road, Andover, MA 01810 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| CASA SYSTEMS SECURITIES CORPORATION, | Case No. 24-_____ (___) |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following is a list of corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Casa Systems, Inc. | 100 Old River Road, Andover, MA 01810 | 100% |

| Fill in this information to identify the case: |
| --- |
| Debtor name:  Casa Systems Securities Corporation |
| United States Bankruptcy Court for the:  District of Delaware |
| Case number (if known): |

☐ Check if this is an
amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | JPMorgan Chase Bank Attn: Loan & Agency Servicing 131 S. Dearborn Street 4th Floor Chicago, IL 60603-5506  - and -  Delaware Trust Company Collateral Agent Attn: Sean Foronjy & Dana Dugan 251 Little Falls Drive Wilmington, DE 19808 | Attn: Ryan Bowman Email: jpm.agency.cri@jpmorgan.com Phone: (312) 732-4754  - and -  Attn: Sean Foronjy Title: Head of Loan Agency Services Email: sean.foronjy@delawaretrust.com | Bank Debt (Deficiency Claim) | Contingent, Unliquidated, Disputed | Undetermined | | Undetermined |
| 2 | NBN Co. Tower 5, Level 14 727 Collins Street Docklands, VIC 3008 Australia | Attn: Jane van Beelen Title: Chief Legal Officer Email: janevanbeelen@nbnco.com.au Phone: (02) 9926 1901 | Settlement Guarantee | Contingent, Unliquidated, Disputed | | | Undetermined |
| 3 | AVNET 2211 South 47th Street Phoenix, AZ 85034 | Attn: Michael McCoy Title: General Counsel Email: michael.mccoy@avnet.com Phone: (480) 643-2000 | Trade Payable | | | | $   1,684,170 |
| 4 | Sanmina 2700 North First Street San Jose, CA 95134 | Attn: Jon Faust Title: Chief Financial Officer Email: jfaust@sanmina.com | Trade Payable | | | | $   921,575 |
| 5 | Illinois Valley Cellular 200 Riverfront Drive Marseilles, IL 61341 | Attn: Jonathan Foxman Title: President Email: jdfoxman@cellonenation.com Phone: (800) 438-4824 | Pending Litigation & Settlement | Contingent, Unliquidated, Disputed | | | $   350,000 |
| 6 | Salesforce 415 Mission Street 3rd Floor San Francisco, CA 94105 | Attn: Sabastian Niles Title: Chief Legal Officer Email: sniles@salesforce.com Phone: (404) 492-6845 | Trade Payable | | | | $   334,512 |
| 7 | Spirent Communications 2708 Orchard Parkway Suite 20 San Jose, CA 95134 | Attn: Paula Bell Title: Chief Financial and Operations Officer Email: paula.bell@spirent.com Phone: (408) 752-7100 | Trade Payable | | | | $   222,088 |
| 8 | Hoynck BV ECI 11 6041 MA Roermond Netherlands | Attn: Pieke Boots Title: Managing Director Email: p.boots@hoynck.com Phone: +31 88 387 1800 | Professional Services | | | | $   205,943 |
| 9 | Qualcomm Technologies Inc 5775 Morehouse Drive San Diego, CA 92121 | Attn: Ann Chaplin Title: General Counsel Email: achaplin@qualcomm.com Phone: (858) 587-1121 | Trade Payable & Royalties | Contingent, Unliquidated | | | $   198,198 |
| 10 | Scratch Marketing + Media LLC 84 Sherman Street 3rd Floor Cambridge, MA 02140 | Attn: Lora Kratchounova Title: Chief Executive Officer Email: lkratchounova@scratchmm.com Phone: (617) 945-0935 | Professional Services | | | | $   130,200 |
| 11 | BGR Goverment Affairs LLC 601 13th Street, NW Washington, DC 20005 | Attn: Chelsea Bacher Mincheff Title: General Counsel Email: cmincheff@bgrdc.com Phone: (202) 333-4936 | Professional Services | | | | $   90,000 |
| 12 | Worldcom Exchange Inc 43 Northwestern Drive Salem, NH 03079 | Attn: Belisario Rosas Title: Founder & President Email: brosas@wei.com Phone: (603) 893-0900 | Professional Services | | | | $   74,044 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | SCTE Cable TEC 140 Philips Road Exton, PA 19341 | Attn: Michael Rabes Title: Appointed Director Email: michael.rabes@vodafone.com Phone: (610) 363-6888 | Trade Payable | | | | $ 67,200 |
| 14 | Insight 2701 E. Insight Way Chandler, AZ 85286 | Attn: Sam Cowley Title: General Counsel Email: sam.cowley@insight.com Phone: (800) 467-4448 | Trade Payable | | | | $ 51,438 |
| 15 | Alpha IR Group 1 S. Wacker Drive Suite 2110 Chicago, IL 60606 | Attn: Chris Hodges Title: Chief Executive Officer Email: chris.hodges@alpha-ir.com Phone: (312) 445-2870 | Professional Services | | | | $ 48,000 |
| 16 | Linkedin 1000 W Maude Ave Sunnyvale, CA 94085 | Attn: Blake Lawit Title: General Counsel Email: blawit@linkedin.com Phone: (650) 687-3600 | Trade Payable | | | | $ 34,181 |
| 17 | Rohde and Schwarz Germany Muehldorfstrasse 15 Munich, 81671 Germany | Attn: Andreas Pauly Title: Executive Vice President Email: andreas.pauly@rohde-schwarz.com Phone: +49 89 4129-0 | Legal Services | | | | $ 33,750 |
| 18 | Dell Marketing L.P. 1 Dell Way Round Rock, TX 78682 | Attn: Richard Rothberg Title: General Counsel Email: richard_rothberg@dell.com Phone: (877) 275-3355 | Trade Payable | | | | $ 31,930 |
| 19 | Equiniti Trust Company, LLC 6201 15th Ave. Brooklyn, NY 11219 | Attn: David Becker Title: General Counsel Email: david.becker@equiniti.com | Trade Payable | | | | $ 23,832 |
| 20 | The Broadband Forum 5177 Brandin Court Fremont, CA 94538 | Attn: Craig Thomas Title: Chief Executive Officer Email: craig.thomas@bbf.org | Trade Payable | | | | $ 19,950 |
| 21 | Janitech 60 Pine St. Suite D Methuen, MA 01844-6832 | Attn: George Burke Title: Vice President Email: gburke@nejanitech.com | Trade Payable | | | | $ 18,075 |
| 22 | Nasdaq Inc 151 W. 42nd Street New York, NY 10036 | Attn: John Zecca Title: Chief Legal Officer Email: john.zecca@nasdaq.com Phone: (212) 401-8700 | Trade Payable | | | | $ 17,566 |
| 23 | Doubletree by Hilton Boston/Andover 123 Old River Road Andover, MA 01810 | Attn: Bonnie Murray Title: Manager Email: Bonnie.Murray2@Hilton.com Phone: (978) 975-3600 | Trade Payable | | | | $ 17,067 |
| 24 | Elevation 3D LLC 905 Hartford Turnpike Shrewsbury, MA 01545 | Attn: Kenneth Karns Title: Chief Executive Officer Email: kkarns@elevationexhibits.com Phone: (800) 431-1221 | Trade Payable | | | | $ 14,858 |
| 25 | Maxim Integrated 160 Rio Robles San Jose, CA 95134 | Attn: Janene Asgeirsson Title: Senior Vice President Email: janene.asgeirsson@analog.com Phone: (408) 601-1000 | Royalties | Contingent, Unliquidated | | | Undetermined |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 | United States Cellular Corporation 8410 W Bryn Mawr Ave Suite 700 Chicago, IL 60631-3486 | Attn: Laurent Therivel Title: President / CEO Email: Laurent.Therivel@tdsinc.com | Customer Credit | Contingent, Unliquidated | | | Undetermined |
| 27 | Fidelity Communications Attn: Cable America 11422 Schenk Dr. Maryland Heights, MO 63043 | Attn: Christopher A. Dyrek Title: President / CEO Email: Cdyrek@cableamerica.com | Customer Credit | Contingent, Unliquidated | | | Undetermined |
| 28 | Sprint Communications Company L.P. c/o: Polsinelli PC 900 W. 48th Place Suite 900 Kansas City, MO 64112 | Attn: Jay E. Heidrick Title: Attorney Email: jheidrick@polsinelli.com Phone: (816) 817-0452 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 29 | Caroline Reichert c/o: Vladeck, Raskin & Clark, P.C. 111 Broadway Suite 1505 New York, NY 10006 | Attn: Anne L. Clark Title: Managing Partner Email: aclark@vladeck.com Phone: (212) 403-7300 | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 30 | Charter Communications 400 Washington Blvd. Stamford, CT 06902 | Attn: Jamal Haughton Title: EVP & General Counsel Email: Jamal.Haughton@charter.com | Indemnification | Contingent, Unliquidated, Disputed | | | Undetermined |

**Fill in this information to identify the case and this filing:**

| | |
|---|---|
| Debtor Name | **Casa Systems Securities Corporation** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document(s) that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| Executed on | **04/03/2024** | *DocuSigned by:* *Edward Durkin* |
|---|---|---|
| | MM/ DD/YYYY | 35D5E7DCE02F2449 |
| | | Signature of individual signing on behalf of debtor |
| | | **Edward Durkin** |
| | | Printed name |
| | | **President and Treasurer** |
| | | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**RESOLUTIONS**
**OF**
**CASA SYSTEMS, INC.**
**AND CERTAIN OF ITS SUBSIDIARIES**

April 1, 2024
Meeting of the Board of Directors

---

Pursuant to the provisions of the Delaware General Corporation Law, the Limited Liability Company Act of the State of Delaware and the Massachusetts Business Corporation Act, as applicable, each as in effect on the date hereof, each of the entities listed on **Schedule 1** attached hereto (each, a "Company Entity" and collectively, the "Company"), the board of directors, the sole member, or other similar governing authority, as applicable, listed on **Schedule 2** attached hereto (each, an "Approving Party" and collectively, the "Approving Parties") hereby adopt and approve the following resolutions:

**Background for Parts 1-5**

**WHEREAS**, the Approving Parties have considered certain materials presented by, or on behalf of, the Company's management ("Management") and financial and legal advisors (collectively, the "Advisors"), including, but not limited to, materials regarding the liabilities, obligations, and liquidity of the Company, the strategic alternatives available to the Company, and the impact of the foregoing on the Company's business, in addition to the recommendation of the Transaction Committee with respect to such materials and matters;

**WHEREAS**, the Approving Parties have reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of filing voluntary petitions for relief (the "Bankruptcy Petitions") pursuant to chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended, the "Bankruptcy Code");

**WHEREAS**, the Company, with the assistance of its Advisors, is conducting a fulsome marketing and sale process, contacting, meeting with, and soliciting offers from numerous bidders, in order to receive the highest or otherwise best offer for the sale of certain assets of the Company;

**WHEREAS**, in connection with the Bankruptcy Petitions, in order to receive the highest or otherwise best offer for the sale of certain assets of the Company, the Company desires to negotiate, execute, and enter into (i) that certain asset purchase agreement (the "Cable Stalking Horse APA"), by and among Casa Systems, Inc., Casa Communications Ltd., Guangzhou Casa Communications Ltd, Casa Technologies Limited, Casa Communications Technology S.L., Casa Systems Canada Limited, and Casa Systems B.V., collectively as sellers (the "Sellers"), and Vecima Technology Inc., as purchaser ("Vecima") and (ii) that certain asset purchase agreement (the "Cloud/RAN APA" and together with the Cable Stalking Horse APA, the "APAs"), by and among the Sellers and Lumine Group US HoldCo Inc. ("Lumine");

**WHEREAS**, the applicable Approving Parties authorized, approved, ratified, and confirmed the Company's entry into the APAs with additions, deletions or changes as determined by the

Authorized Person(s) (as defined below) at a meeting of the board of directors of the Company on March 29, 2024; and

**WHEREAS**, the Approving Parties have determined, in the judgment of the Approving Parties, the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

**NOW, THEREFORE BE IT:**

1.   **Voluntary Petitions for Relief under Applicable Bankruptcy Law and Seeking Necessary Relief**

**RESOLVED:**    That the Approving Parties have considered their fiduciary duties under applicable law in exercising their powers and discharging their duties, to act honestly and in good faith with a view to the best interests of each applicable Company Entity as a whole, to exercise the care, diligence, and skill that a reasonably prudent person would exercise in comparable circumstances;

**FURTHER RESOLVED:**    That in the judgment of the Approving Parties, it is desirable and in the best interests of each Company Entity, their interest holders, creditors, and other parties in interest, that each Company Entity shall be, and hereby is, in all respects authorized to file, or cause to be filed, the Bankruptcy Petitions under the provisions of chapter 11 of the Bankruptcy Code (the "Restructuring Matters") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") for each applicable Company Entity; and, in accordance with the requirements of each Company Entities' governing documents and applicable law, hereby consents to, authorizes, and approves, the filing of the Bankruptcy Petitions;

**FURTHER RESOLVED**:    That any director or duly appointed officer of the Company Entities, each acting individually and with full power of substitution (together with any persons to whom such persons delegate certain responsibilities, collectively, the "Authorized Persons") be, and hereby is, authorized to execute and file on behalf of the applicable Company Entity all petitions, schedules, lists, and other motions, papers, or documents (and are authorized to finalize the documents on terms substantially similar to the forms presented to the Approving Parties), and to take any and all action that such Authorized Person deems necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of the Company and/or obtain additional financing in accordance with the Bankruptcy Code.

2.   **Entry Into Restructuring Support Agreement**

**RESOLVED:**    That in connection with the Bankruptcy Petitions, it is in the best interest of each Company Entity to enter into a Restructuring Support Agreement (the "Restructuring Support Agreement") on terms and conditions substantially similar to those set forth in the form of Restructuring Support Agreement previously provided and/or described to each Approving Party, with such

changes, additions, and modifications thereto as an Authorized Person shall approve;

**FURTHER RESOLVED:** That (a) the forms, terms and provisions of the Restructuring Support Agreement, and any exhibits annexed thereto, (b) the execution, delivery, and performance thereof, and (c) the consummation of the transactions contemplated thereunder by the Company are hereby authorized, approved, and declared advisable and in the best interest of each Company Entity, which such changes therein and additions thereto as any applicable Authorized Person of the Company Entities executing the same may, in such Authorized Person's discretion, deem necessary or appropriate, it being acknowledged that the execution of the Restructuring Support Agreement and such other documents, agreements, instructions and certificates as may be required or contemplated by the Restructuring Support Agreement, as applicable, shall be conclusive evidence of the approval thereof;

**FURTHER RESOLVED:** That any applicable Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of the applicable Company Entity, to cause the Company Entity to enter into, execute, deliver, certify, file and/or record, and perform the obligations arising under, the Restructuring Support Agreement, substantially in the form previously presented to or described to each Board, together with such other documents, agreements, instruments, and certificates as may be required by the Restructuring Support Agreement; and

**FURTHER RESOLVED**: That any applicable Authorized Person, in each case, acting singly or jointly, be, and each hereby is, authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company Entity, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Restructuring Support Agreement, and/or any of the related documents which shall, in such Authorized Person's judgment, be necessary, proper or advisable.

3.    <u>APAs</u>

**RESOLVED:** That in the judgment of the Approving Parties, it is desirable and in the best interests of each Company Entity, its creditors, and other parties in interest that the Company be, and hereby is, authorized to continue engagement of a marketing process for the Company's assets (the "<u>Sale Process</u>"), with such changes, additions, and modifications thereto as an Authorized Person shall approve and that all acts, actions, and transactions relating to the APAs done in the name of and on behalf of the Company are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Approving Parties;

**FURTHER RESOLVED:** That each Company Entity be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the applicable Company Entity, authorized, directed and empowered to file motions with the Bankruptcy Court (the "Sale Motions") seeking entry of orders (a) authorizing and approving bidding procedures; (b) approving the selection of Vecima as the "stalking horse" purchaser for the assets described in the Cable Stalking Horse APA and the selection of Lumine as the purchaser for the assets described in the Cloud/RAN APA; (c) approving the Company's entrance into the APAs and approving bid protections, as applicable; (d) scheduling auctions and sale hearings, as applicable; (e) approving the form and manner of sale notices, potential assumption and assignment notices, and post-auction notices; and (f) approving assumption and assignment procedures, among other things (subject in all respects to the terms and conditions of the APAs and the approval of the Bankruptcy Court), all substantially in accordance with the documents presented to or described to the Approving Parties prior to the date hereof, subject to such modifications thereto as the Authorized Persons and Management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person);

**FURTHER RESOLVED:** That each of the Authorized Persons be, and hereby is, authorized and empowered to file the Sale Motions, on behalf of the Company, and to pursue the Sale Process and to take any and all actions necessary or advisable to advance the Company's rights and obligations thereunder, including filing of additional pleadings; and in connection therewith, each Authorized Person, with power of delegation, is hereby authorized and directed to take all necessary actions in furtherance of the foregoing resolutions;

**FURTHER RESOLVED:** The Approving Parties hereby authorize, approve, ratify, and confirm the Company's entry into the APAs in the form presented to or described to the Approving Parties, with additions, deletions or changes (including, without limitation, any additions, deletions or changes to any schedules or exhibits thereto) that the Authorized Person(s) executing the same shall approve (the "Transaction Documents") to which the Company is party, and the performance of the Company's obligations thereunder and (subject to the approval of the Bankruptcy Court) the consummation of the transactions contemplated thereby;

**FURTHER RESOLVED:** The Authorized Persons be, and each of them hereby individually is, authorized and empowered to execute and deliver the APAs, the Transaction Documents, and any and all certificates, agreements, instruments, documents and undertakings of any kind and nature contemplated thereunder to which the Company is to be a party or as are necessary or appropriate to consummate the transactions contemplated by the APAs or the Transaction Documents, in the name and on behalf of the Company, with such additions, deletions or changes therein (including, without limitation, any additions, deletions or changes to any

schedules or exhibits thereto) as the Authorized Person executing the same shall approve (the execution and delivery thereof by the Authorized Person to be conclusive evidence of such Authorized Person's approval of any such additions, deletions or changes);

**FURTHER RESOLVED:** That each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions.

4.    <u>Use of Cash Collateral</u>

**RESOLVED:** That, in connection with the Restructuring Matters, each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed, to the extent necessary, to negotiate, obtain, execute, deliver, and guarantee the use of cash collateral according to the terms negotiated, or to be negotiated, by or on behalf of the Company, and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation (i) the use of cash collateral in such amounts and on such terms as the Authorized Persons deem necessary or advisable (collectively, the "<u>Cash Collateral</u>"); (ii) the execution and delivery of any documents to evidence the permitted use of Cash Collateral; (iii) the incurrence and payment of fees; (iv) the execution and delivery of real property and personal property (including intellectual property) security agreements (and amendments, supplements, and modifications thereto, as appropriate); (v) the granting of liens on and security interests in any and all assets of the Company; (vi) the authorization of filing and recording, as applicable, of financing statements, agreements, mortgages, or any other documents evidencing and perfecting such liens or security interests and amendments to financing statements, agreements, mortgages or other documents; (vii) the acknowledgement of debt and liens of existing loans; (viii) payment of interest to the Company's existing lenders; and (ix) the execution and delivery of deposit, securities, and other account control agreements (and amendments, supplements, and other modifications thereto, as appropriate), and the Authorized Persons are hereby authorized and directed to execute any appropriate agreements and related ancillary documents on behalf of the Company in connection with the foregoing.

5.    <u>Retention of Professionals</u>

**RESOLVED:** That each of the Authorized Persons, acting individually and with full power of substitution, be, and hereby is, authorized, empowered and directed to employ the following professionals on behalf of the Company: (i) the law firm of Sidley Austin LLP, as general bankruptcy counsel; (ii) Young Conaway Stargatt & Taylor, LLP, as local bankruptcy counsel; (iii) the financial advisory firm of Alvarez and

Marsal North America, LLC; (iv) the investment banking firm of Ducera Partners LLC; (v) Epiq Corporate Restructuring, LLC, as noticing and claims agent; (vi) Frank Associates, LLC d/b/a Joele Frank, Wilkinson Brimmer Katcher as communications advisor of the Company; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals such Authorized Person deems necessary, appropriate, or advisable; each to represent and assist the Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses) and to take any and all actions to advance the rights and obligations of the Company, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services.

**6.**    **Distribution of WARN Notices**

**WHEREAS,** the Workers Adjustment and Retraining Notification Act and similar state laws (collectively, the "WARN Act") require employers to give advance notice ("WARN Notice") to affected employees and certain government representatives before a plant closing or mass layoff;

**WHEREAS,** pursuant to the Sale Process, the Company and/or certain of its affiliates and subsidiaries have entered or will enter into one or more agreements to sell all or substantially all of their assets to one or more buyers whereby such buyers, in their sole discretion, will provide certain of the Company employees with offers for employment;

**WHEREAS,** the Sale Process and Restructuring Matters could potentially lead to a plant closing or mass layoff as contemplated by the WARN Act; and

**WHEREAS,** the Approving Parties have determined, in the judgment of the Approving Parties, that the following resolutions are advisable and in the best interests of the Company, its interest holders, its subsidiaries, its creditors, and other parties in interest.

**NOW, THEREFORE BE IT**

**RESOLVED:**    That each of the Authorized Persons be, and hereby is, authorized and empowered to issue conditional WARN Notices to those employees of the Company expected to be affected by the reduction in force that could occur as a result of the Sale Process and Restructuring Matters and who work at or report into locations where WARN Act obligations may be triggered.

**FURTHER RESOLVED:**    That the Authorized Persons be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to pay, or cause to be paid, such fees and expenses, including any accrued and unpaid wages on account of such affected employees, and do, or cause to be done, such other acts and things as

any such Authorized Person may deem necessary or advisable in connection with the carrying out of any of the matters or purpose set forth herein.

**FURTHER RESOLVED:** That the Authorized Persons be, and each of them hereby is, authorized and directed, for and on behalf of the Company, to certify and deliver copies of these resolutions to such governmental bodies or agencies or persons, firms or corporations as any of the Authorized Persons may deem necessary or desirable and to identify by his or her signature or certificate, or in such form as may be required, the several documents and instruments presented to and approved by the foregoing resolutions and to furnish evidence of the approval, by any officer authorized to give such approval, of any document, instrument, or provision or any change or insertion in any such documents or instruments.

**FURTHER RESOLVED:** That any Authorized Person be, and each of them hereby is, authorized, empowered and directed, in the name and on behalf of the Company, to execute and deliver or cause to be executed delivered all agreements, certificates, instruments and other documents and to take or cause to be taken any and all such further actions, in each case, as any such Authorized Person shall deem necessary or appropriate to carry out fully the purpose and intent of the foregoing resolutions.

7.    <u>**Further Actions and Prior Acts**</u>

**RESOLVED:** That in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by each Company Entity's governing documents and applicable law, be, and each of them hereby is, authorized to execute (under hand or under the common seal of the Company if appropriate), acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Company Entities relating to the Sale Process and Restructuring Matters;

**FURTHER RESOLVED:** That each of the Authorized Persons, each acting individually and with full power of substitution be, and hereby is, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute such further documentation that such Authorized Person in their absolute discretion deems necessary, appropriate, or desirable in accordance with these resolutions;

**FURTHER RESOLVED**: That, in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons, either individually or as otherwise required by the Company's governing documents and applicable law, be, and each of them hereby is, authorized to take any and all such other and further actions, and to do all such other deeds and other things as the Company may

lawfully do, in accordance with its governing documents and applicable law, including but not limited to, the negotiation, finalization, execution, acknowledgement, delivery, and filing of any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds, and other documents on behalf of the Company, and the payment of all expenses, including but not limited to filing fees, in each case as such Authorized Person's or Authorized Persons' may, in his/her/its/their absolute and unfettered discretion approve, deem or determine necessary, appropriate, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; such approval, deeming, or determination to be conclusively evidenced by said individual taking such action or the execution thereof;

**FURTHER RESOLVED**:  That the Approving Parties have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED:**  That all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company Entities, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company Entity with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Approving Parties.

**Schedule 1**

Casa Systems, Inc.
Casa Systems Securities Corporation
Casa Properties LLC

**Schedule 2**

**Casa Systems, Inc.**
Bruce R. Evans
Jerry Guo
Scott Bruckner
Michael T. Hayashi
Daniel S. Mead
Bill Styslinger
Michael Glickman
Harvey Tepner

**Casa Systems Securities Corporation**
Edward Durkin
Timothy Rodenberger

**Casa Properties LLC**
Edward Durkin, as authorized representative of Casa Systems, Inc., sole member of Casa Properties LLC